**United States District Court**
**Southern District of New York**

─────────────────────────────────────

**SALTIRE INDUSTRIAL, INC. f/k/a SCOVILL INC., AND ALPER HOLDINGS USA, INC.,**

                Plaintiffs,

    – against –

**WALLER LANSDEN DORTCH & DAVIS, PLLC,**

                Defendant.

**04 Civ. 7190 (JGK)**

**OPINION AND ORDER**

─────────────────────────────────────

**JOHN G. KOELTL, District Judge**:

This is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and 9(b) for failure to plead fraud with particularity, or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56. The defendant also moves in the alternative to transfer this action to the Middle District of Tennessee. Plaintiffs Saltire Industrial, Inc. ("Saltire") (formerly known as Scovill, Inc.) and Alper Holdings USA, Inc. ("Alper") allege that the defendant, Waller Lansden Dortch & Davis, PLLC ("Waller Lansden"), committed fraudulent joinder of a defendant in order to defeat federal diversity jurisdiction in a case filed in Tennessee state court entitled <u>Norman, et al. v. Scovill, Inc., et al.</u>, No. CV 383 (the "Tennessee Action").

1

**I.**

The relevant facts, as alleged in the First Amended Complaint, affidavits, and declarations submitted by the parties in connection with the current motion, are as follows.

Plaintiff Saltire is a corporation organized under Delaware law. (First Am. Compl. ¶7.) Saltire represents that its current principal place of business is Westport, Connecticut, but that at the time of filing its Chapter 11 bankruptcy proceeding in August 2004, Saltire's principal place of business was in New York County. Plaintiff Alper is a corporation organized under Delaware law, with its principal place of business in Westport, Connecticut. (First Am. Compl. ¶8.) Alper is the parent company of Saltire. (First Am. Compl. ¶5.) The defendant, Waller Lansden, is a professional limited liability company organized under Tennessee law. (First Am. Compl. ¶8.)

The plaintiffs' claim for damages arises out of the Tennessee Action, which was brought in the Tennessee Circuit Court for the Twenty-Third Judicial District in 1994. In the Tennessee Action, Waller Lansden represented the plaintiffs (the "Tennessee plaintiffs") in a case against Saltire for trespass, nuisance, and battery as a result of the alleged contamination of the Tennessee plaintiffs' ground water and supply wells by hazardous wastes discharged from a manufacturing facility

operated by Saltire in Dickson, Tennessee. The Tennessee Plaintiffs also brought their action against the Industrial Development Board of Dickson, Tennessee ("IDB"), which had become the successor owner of the facility and property previously owned by Saltire that continued to cause contamination. (Aff. of James M. Doran, Jr. ("Doran Aff.") ¶2, April 4, 2005.)

In June 1994, Saltire and IDB (the defendants in the Tennessee Action) removed the Tennessee Action to the United States District Court for the Middle District of Tennessee on the basis of alleged diversity jurisdiction. On or about September 8, 1994, Saltire and IDB stipulated to the remand of the Tennessee Action back to Tennessee state court. (Doran Aff. ¶¶3-4.)

In February 2003, Waller Lansden, on behalf of the Tennessee plaintiffs, filed a Second Amended Complaint, adding Alper as an additional defendant in the Tennessee Action. On or about January 2004, Alper filed a Notice of Removal to the United States District Court for the Middle District of Tennessee, arguing that IDB had been fraudulently joined. (Doran Aff. ¶6.)

On or about May 7, 2004, before Alper's motion to remove was decided, the Tennessee Action was settled when the parties entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement"). (Doran Aff. ¶7.) As part of the

3

Settlement Agreement, the parties agreed to remand the case to the Tennessee state court for approval of the Settlement Agreement. (Settlement Agreement ¶2.)

On August 17, 2004, Saltire filed a voluntary petition for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York (<u>In re Saltire Industrial, Inc.</u>, Case No. 04 B 15389). On or about September 9, 2004, Saltire and Alper filed a complaint in this action against Waller Lansden, alleging that the defendant engaged in fraudulent joinder of IDB to defeat federal diversity jurisdiction in the Tennessee Action. (First Am. Compl. ¶1.) Both parties agree that the law of Tennessee governs the underlying claim. In February 2004, the plaintiffs Saltire and Alper were given leave to amend their complaint, and their First Amended Complaint was served on or about February 18, 2004. The First Amended Complaint alleged common law fraud and stated 28 U.S.C. § 1334 as the sole basis for subject matter jurisdiction on the ground that the action was "related to" Saltire's bankruptcy case under Title 11. (First Am. Compl. ¶10.) Venue was properly asserted pursuant to 28 U.S.C. § 1409(a). (First Am. Compl. ¶11.)

On February 23, 2005, this action was referred to the Bankruptcy Court for the Southern District of New York. On or about March 16, 2005, Waller Lansden filed a motion to withdraw

4

the reference to the Bankruptcy Court, and the plaintiffs stipulated that they had no objection to the withdrawal. The motion to withdraw the reference was granted by an order dated March 16, 2005.

The defendant Waller Lansden now moves to dismiss the action, for summary judgment, or alternatively, to transfer the action to the Middle District of Tennessee. It is appropriate to address the motion to transfer first.

## II.

The Court begins with the motion to transfer. The defendant moves to transfer this action to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The first issue is whether the action "might have been brought" in the Middle District of Tennessee. Venue in this case was properly asserted in this District pursuant to 28 U.S.C. § 1409, which provides that, with certain exceptions not relevant here, "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." However, § 1409 does not bar a transfer of venue under § 1404, because § 1409 is not an

5

exclusive venue provision.  See Kalamazoo Realty Venture Ltd. P'ship v. Blockbuster Entm't Corp., 249 B.R. 879, 888 (N.D. Ill. 2000) (section 1409 is not an exclusive venue provision).  Thus, an action related to a pending bankruptcy proceeding need not be commenced in the district court in which such proceeding is pending, and may be brought and heard in another district.  See Brock v. American Messenger Serv. Inc., 65 B.R. 670 (D.N.H. 1986) (allowing a "related" action to continue in a forum other than the district court for district in which the title 11 bankruptcy action was proceeding).

The plaintiffs contend that in this case a transfer is not permissible under § 1404(a) because this action could not have been brought originally in the Middle District of Tennessee.  The plaintiffs argue that jurisdiction over their claim was established pursuant to 28 U.S.C. § 1334, and thus § 1334(e) should control in this action.  Section 1334(e) provides that: "The district court in which a case under title 11 is commenced or pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."  The plaintiffs argue that their claim for money damages is "property… of the debtor," and thus the United States District Court for the Southern District of New York, as the court in the district in which their case

6

under Title 11 was commenced, has "exclusive" jurisdiction over their claim, barring any transfer to Tennessee. However, unliquidated claims are not "property" for the purposes of § 1334(e). See Tultex Corp. v. Freeze Kids, L.L.C., 252 B.R. 32, 40-41 (S.D.N.Y. 2000). This action was properly commenced not under § 1334(e), but under § 1334(b), which provides for original but not exclusive jurisdiction in district courts over cases "arising in or related to cases under title 11."[1] 28 U.S.C. §1334(b); First Am. Compl. ¶10. This action was related to Saltire's bankruptcy proceeding, which is pending in the Bankruptcy Court in this district.

This cause of action originally could have been brought in the United States District Court for the Middle District of Tennessee, because venue would have been proper there. The defendant is located there, and the plaintiffs contend that the alleged fraud occurred in that District in papers presented by Waller Lansden in the District Court in the Middle District of Tennessee. Therefore, venue was proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

---

[1] "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

7

Because the first requirement of § 1404(a) is satisfied and it is established that the plaintiffs' action could have been brought in the Middle District of Tennessee, it is next necessary to determine whether a transfer to the Middle District should be ordered "for the convenience of the parties and witnesses, and in the interest of justice."

In ruling on a motion to transfer, courts should consider both the interest of the litigants and the public interest. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); see also Ainbinder v. Potter, 282 F. Supp. 2d 180, 191 (S.D.N.Y. 2003); Jasol Carpet, Inc. v. Patcraft Commercial Carpet, Inc., No. 96 Civ. 3064, 1997 WL 97831, at *3 (S.D.N.Y. Mar. 6, 1997). The interest of the litigants includes the plaintiffs' initial choice of forum, the convenience of the parties and the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of witnesses, the location of relevant documents and other tangible evidence, questions as to the enforceability of a judgment if one is obtained, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508; Jasol Carpet, 1997 WL 97831, at *3; see also Lyon v. Cornell Univ., No. 97 Civ. 7070, 1998 WL 226193, at *1 (S.D.N.Y. May 4, 1998). The public interest includes

administrative difficulties that follow from court congestion, an interest in having localized controversies decided at home, and the appropriateness of having the trial of an action in a forum that is at home with the state law that must govern the action. See Gulf Oil, 330 U.S. at 508-09; Ainbinder, 282 F. Supp. 2d at 191.

In determining whether to transfer venue, the Court has "broad discretion" to "consider notions of convenience and fairness on a case-by-case basis," and the burden of establishing the propriety of a change of forum rests on the moving party. In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992); see Ainbinder, 282 F. Supp. 2d at 191; Elite Parfums, Ltd. v. Rivera, 872 F.Supp. 1269, 1271 (S.D.N.Y. 1995). In allowing courts to transfer venue in the interest of justice, the statute uses "a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer." Schneider v. H.A. Sears, 265 F.Supp. 257, 263 (S.D.N.Y. 1967); see also Harve Benard, Ltd. v. Rothschild, No. 02 Civ. 4033, 2003 WL 367859, at *6 (S.D.N.Y. Feb. 19, 2003).

**A.**

The defendant urges the Court to transfer this action to the Middle District of Tennessee in the interest of justice and for

9

the convenience of the parties and witnesses, because the alleged fraud occurred in Tennessee against a Tennessee court, and the key witnesses and any relevant documents are in Tennessee. The location of witnesses and physical evidence is a major factor to be considered when evaluating a transfer motion. 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994). "The convenience of both party and non-party witnesses may be the single most important factor in the analysis of whether one forum is more appropriate than a competing forum." Id.

The defendant Waller Lansden is located in Nashville, Tennessee, as is Allan Kerns, the attorney for IDB alleged to have participated in the fraudulent joinder. Moreover, the plaintiffs have subpoenaed for depositions Mr. Kerns as well as William Farmer, a former Waller Lansden attorney involved in the Tennessee Action in 1994 who also resides in Tennessee. This identification of possible non-party witnesses in this case is particularly important, because these witnesses are subject to subpoena for trial in the Middle District of Tennessee, but could not be subpoenaed to appear at trial in this Court. Also, to the extent that there are any relevant documents in this case, they too would be found in Tennessee.

The plaintiffs concede that pertinent witnesses and documents are found in Tennessee, but argue that this case is not so fact-intensive as to require a significant amount of discovery, and as such, no significant benefits are gained by transferring the case to the Middle District of Tennessee. The plaintiffs, however, effectively concede that almost all of the prospective witnesses are located in Tennessee. Moreover, when the gravamen of the case is fraud, the fact finder should have the opportunity to assess the credibility of the witnesses at trial. The plaintiffs fail to point to any witnesses in the Southern District of New York with direct knowledge of the relevant facts in this case. Therefore, this factor weighs heavily in favor of transfer.

**B.**

The location of the operative facts in Tennessee is also a compelling reason in favor of transfer. See 800-Flowers, 860 F. Supp. at 134 ("The location of the operative facts is traditionally an important factor to be considered in deciding where a case should be tried."). The plaintiffs argue that the alleged fraud was perpetrated by a Tennessee firm in a Tennessee court. Thus, the Tennessee court should have the opportunity to determine whether it was a victim of such fraud. Plaintiffs also allege as a measure of damages the higher costs due to the

11

Tennessee Action proceeding inefficiently by being tried in the state court rather than the federal court. Plainly, these issues are more reasonably determined in a Tennessee court.

## C.

The plaintiffs also argue against transfer to the Middle District of Tennessee on the basis that plaintiffs' choice of forum should be given considerable deference. The defendants counter that the plaintiffs' choice of forum in this case should not be accorded much significance because the forum chosen is not the locus of operative facts. While the plaintiffs' choice of forum is normally entitled to great weight, that factor has been given less weight when none of the operative facts occur in the district. See Renaissance Cosmetics, Inc. v. Dev. Specialists Inc., 277 B.R. 5, 18 (S.D.N.Y. 2002) (citing Iragorri v. United Tech. Corp., 274 F.3d 65, 70 (2d Cir. 2001)); 800-Flowers, 860 F. Supp. at 135. Even though plaintiff Saltire's claim for Chapter 11 protection was filed in the Southern District of New York, and this action is filed in the Southern District under § 1334(b) as "related to" the bankruptcy proceeding, the weight accorded to Saltire's choice of forum in this action is diminished because the operative facts have little connection to New York. See MBCP Peerlogic LLC v. Critical Path, Inc., 02 Civ. 3310, 2002 WL 31729626, at *5 (S.D.N.Y. Dec. 5, 2002); Ocean Walk Mall LLC v.

12

Kornitzer, 01 Civ. 213, 2001 WL 640847, at *2 (S.D.N.Y. June 11, 2001); 800-Flowers, 860 F. Supp. at 135. Therefore, the plaintiffs' choice of forum is not dispositive, although it is given some weight against transfer.

**D.**

A consideration of the public interest factors also counsels in favor of granting the defendant's motion for transfer. Court congestion is not a factor in the determination because there is no showing of congestion in either court. The choice of law is also not significant because either court could adjudicate issues of fraud. There is, however, a far stronger local interest in having this case proceed in Tennessee than in New York. The only local interest for New York in this matter is the plaintiff's bankruptcy proceeding in the Southern District Bankruptcy Court. In contrast, Tennessee has a more significant local interest, as the district court in Tennessee should itself decide the controversy of whether it was the victim of the fraud allegedly perpetrated by the defendants.

Therefore, given the many factors supporting transfer, the defendant's motion to transfer venue to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a) is granted.

**III.**

The defendant had also moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity. Alternatively, the defendant had moved for summary judgment pursuant to Fed. R. Civ. P. 56.

It is appropriate for the transferee court to consider the merits of a motion to dismiss and a motion for summary judgment. That court should decide the critical issues on those motions, including whether there are any disputed issues of material fact. See Lyon, 1998 WL 226193 at *2 (collecting cases transferring venue and withholding decision on pending dispositive motions). The defendant's remaining motions are critical to the disposition of this case. The transferee court in the Middle District of Tennessee should rule on these motions in the first instance.

## CONCLUSION

For the reasons explained above, the defendant's motion to transfer venue to the Middle District of Tennessee is **granted**. The defendant's motions to dismiss or, alternatively, for summary judgment are reserved for consideration by the transferee court in that District. The Clerk of the Court is directed to transfer this case to the Middle District of Tennessee and to close the case on the docket of this Court.

14

The defendant's motions to dismiss or, alternatively, for summary judgment are reserved for consideration by the transferee court in that District. The Clerk of the Court is directed to transfer this case to the Middle District of Tennessee and to close the case on the docket of this Court.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 12, 2005**

John G. Koeltl
United States District Judge

15